# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOYLE WATTS and WYNONA WATTS, husband and wife, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. CIV-14-1040-D |
| | ) (District Court of Cleveland County, |
| STATE FARM FIRE AND CASUALTY COMPANY and JIM CHOWINS, | ) Oklahoma, Case No. CJ-2013-1355) ) ) |
| Defendants. | ) ) |

## **O R D E R**

Before the Court is Plaintiffs' Motion to Remand [Doc. No. 9]. Defendant State Farm Fire and Casualty (State Farm) has responded to the motion and filed an Alternative Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiff's Motion to Remand [Doc. No. 14]. These matters are fully briefed and ready for decision.

**I.    Case Background and Procedural History**

This action arises out of a May 19, 2013 tornado near Newalla Oklahoma . Plaintiffs suffered damage to their home and property as a result of the tornado. A homeowners policy issued by State Farm insured the property. Defendant Jim Chowins (Chowins) is the agent who sold the insurance policy to Plaintiffs.

On November 4, 2013, Plaintiffs filed an action in the District Court of Cleveland County, State of Oklahoma against Defendants. The Petition alleges six causes of action. The first two causes of action are brought against State Farm and include breach of contract and bad faith. The remaining four causes of action are brought against both State Farm and Chowins and include

negligence in the procurement of insurance, constructive fraud and negligent misrepresentation, negligence and breach of fiduciary duty. *See* Petition [Doc. No. 1-1].

The state court litigation proceeded for approximately ten months before State Farm filed its Notice of Removal [Doc. No. 1] on September 25, 2014. State Farm removed the action on grounds of diversity jurisdiction claiming that Chowins, a non-diverse defendant, has been fraudulently joined.

Multiple actions filed in state court alleging similar claims against State Farm and its agents were simultaneously proceeding in Cleveland County District Court. The state court consolidated a number of these actions for discovery purposes. State Farm asserts the action is timely removed utilizing the date Plaintiffs filed a Motion to Quash their depositions – September 22, 2014. *See* Notice of Removal, ¶¶ 30, 33, 34. According to State Farm, Plaintiffs' prior refusals to make themselves available for depositions, concessions made by Plaintiffs' counsel at a state court discovery hearing on July 21, 2014 and the filing of the Motion to Quash, taken together, "establish the fraudulent joinder of Defendant Chowins, and therefore the removability of this action." *See id.*, ¶ 34. State Farm contends the removal was timely because it was filed within 30 days of Plaintiffs filing the Motion to Quash.

State Farm has attempted to remove each of the state court actions based on substantially the same facts as those set forth herein. The majority of those actions removed to this judicial district have since been remanded, including two matters pending before this Court, *Misner v. State Farm Fire & Cas. Co.*, Case No. CIV-14-873-D (W.D. Okla.) and *Pope v. State Farm Fire & Cas. Co.*,

Case No. 14-1009-D (W.D. Okla.).[1] In each of the cases, the plaintiffs have urged remand on grounds that the notice of removal was untimely and/or the allegations of fraudulent joinder were insufficient. The Court has independently reviewed the arguments made and the facts specific to this action and finds the result reached in the other cases is equally applicable here and supports remand.

## II. Discussion

The procedures for removal are set forth in 28 U.S.C. § 1446 and include specific requirements where removal is based on diversity of citizenship. As pertinent to the issues presented here, section 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*. § 1446(b)(3). As set forth, State Farm contends the Motion to Quash was an "other paper" that culminated its ability to ascertain fraudulent joinder. According to State Farm, the Motion to Quash confirmed that certain statements made by Plaintiffs' counsel at the July 21, 2014 hearing demonstrated fraudulent joinder.

In *Misner*, this Court previously reviewed the alleged statements to which State Farm refers and determined neither those statements nor the subsequently filed Motion to Quash were sufficient to trigger removability. *See id.*, Order of Dec. 4, 2014, p. 8 (available at 2014 WL 6879094, * 4). The Court finds, therefore, for substantially the same reasons previously expressed in *Misner* that removability of this action was not triggered by either of these events.

---

[1]Plaintiffs have also filed Notices of Supplemental Authority [Doc. Nos. 24-26] advising the Court of similar actions removed by State Farm from Cleveland County District Court to this judicial district and subsequently remanded to state court.

The Court also finds significant the state district court's determination that depositions were not a prerequisite for removal and that written discovery could be utilized to determine whether the action could be removed. That determination was made on July 21, 2014. Moreover, nothing in the record prior to that time, or thereafter, demonstrates the action is removable based on fraudulent joinder.[2]

The Court denies State Farm's alternative request to conduct jurisdictional discovery. The Court finds adequate grounds for conducting such discovery have not been presented. Moreover, any such discovery would have no impact on the Court's determination that removability was not triggered by the Motion to Quash as alleged by State Farm.

As a final matter, Plaintiffs request an award of attorney's fees and costs as a result of State Farm's improper removal pursuant to 28 U.S.C. § 1447(c). Plaintiffs's request is denied. Although the Court has determined remand is proper, the Court finds State Farm had an objectively reasonable basis upon which to remove this action. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Therefore, an award of attorney's fees and costs is not warranted.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Doc. No. 9] is GRANTED.

IT IS FURTHER ORDERED that State Farm's Alternative Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiffs' Motion to Remand [Doc. No. 14] is DENIED.

---

[2]The Court rejects State Farm's argument that removal is nonetheless proper because Plaintiff waived any defects in State Farm's compliance with the removal procedures set forth in 28 U.S.C. § 1446(b). *See* Response at p. 14. State Farm fails to cite authority properly supporting its argument and has not demonstrated any unequivocal conduct by Plaintiffs that would support a waiver. State Farm does not invoke 28 U.S.C. § 1446(c) as a basis for deeming removal of the action timely. That provision requires a finding that "the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id*.

IT IS FURTHER ORDERED that this matter is REMANDED to the District Court of Cleveland County, State of Oklahoma.

IT IS SO ORDERED this 3rd day of August, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE